# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 17-1238V
UNPUBLISHED

| | |
|---|---|
| BELINDA DAWSON-SAVARD,<br><br>  Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>  Respondent. | **Chief Special Master Corcoran**<br>**Filed**: October 18, 2019<br><br>Special Processing Unit (SPU);<br>Findings of Fact; Onset;  Influenza<br>(Flu) Vaccine; Shoulder Injury<br>Related to Vaccine Administration<br>(SIRVA) |

**Leah VaSahnja Durant**, Law Offices of Leah V. Durant, PLLC, Washington, DC for petitioner.

**Camille Michelle Collett**, U.S. Department of Justice, Washington, DC, for respondent.

## FINDINGS OF FACT[1]

On September 12, 2017, Belinda Dawson-Savard filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffers from a shoulder injury related to vaccine administration ("SIRVA"), as a result of an influenza ("flu") vaccine administered on October 10, 2016. Petition at 2-3. The case was assigned to the Special Processing Unit of the Office of Special Masters.

For the reasons discussed below, I find the onset of Petitioner's shoulder injury related to vaccine administration ("SIRVA") occurred within 48 hours of vaccination.

---

[1] This ruling will be posted on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Specifically, Petitioner suffered symptoms manifested by pain immediately upon vaccination.

### I.     Relevant Procedural History

In support of her claim, Petitioner filed medical records (Exs. 1-7), her own affidavits (Ex. 8), and her workers' compensation related medical evaluation (Ex. 9). Deadlines for Respondent to report his position in the case were set following the October 25, 2017 initial status conference. Orders, ECF Nos. 11,17 & 19.

On May 4, 2018, Respondent filed a status report indicating an interested in exploring settlement. ECF No. 20. The parties remained engaged in negotiations for a year until Petitioner reported that the parties had reached an impasse and requested a deadline be set for Respondent's Rule 4(c) Report. Petitioner's Status Report, ECF No. 41. Respondent filed a Rule 4(c) Report on June 14, 2019. ECF No. 43. In his report, Respondent argued that petitioner had not met her burden of establishing that the onset of her alleged shoulder injury occurred within 48 hours of her October 10, 2016 flu vaccination. *Id.* at 6.

In a Scheduling Order filed June 24, 2019, former Chief Special Master Nora Beth Dorsey (who was presiding over the case at the time) reported that she had reviewed the record and determined that an onset hearing was not necessary. ECF No. 44. She also noted that because this ruling relates to a discrete factual issue, party briefs were not necessary. *Id.* The parties were allowed the opportunity to submit additional evidence relevant to onset. *Id.* Pursuant to the scheduling order, Petitioner subsequently submitted additional records, a supplemental affidavit, and witness declarations. ECF Nos. 47-49 (Exs. 10-20).

The matter is now ripe for adjudication.

### II.    Issue

At issue is whether Petitioner's first symptom or manifestation of onset after vaccine administration was within 48 hours as set forth in the Vaccine Injury Table. 42 C.F.R. § 100.3(a) XIV.B. (2017) (influenza vaccination). Additionally, the Qualifications and Aids to Interpretation ("QAI") for a Table SIRVA requires that a petitioner's pain occur within this same time frame, 48 hours. 42 C.F.R. § 100.3(c)(10).

### III.   Authority

Pursuant to Vaccine Act § 13(a)(1)(A), a petitioner must prove, by a preponderance of the evidence, the matters required in the petition by Vaccine Act

§ 11(c)(1). A special master may find that the first symptom or manifestation of onset of an injury occurred "within the time period described in the Vaccine Injury Table even though the occurrence of such symptom or manifestation was not recorded or was incorrectly recorded as having occurred outside such period." Section 13(b)(2). "Such a finding may be made only upon demonstration by a preponderance of the evidence that the onset [of the injury] . . . did in fact occur within the time period described in the Vaccine Injury Table." *Id.*

A special master must consider, but is not bound by, any diagnosis, conclusion, judgment, test result, report, or summary concerning the nature, causation, and aggravation of petitioner's injury or illness that is contained in a medical record. Section 13(b)(1). "Medical records, in general, warrant consideration as trustworthy evidence. The records contain information supplied to or by health professionals to facilitate diagnosis and treatment of medical conditions. With proper treatment hanging in the balance, accuracy has an extra premium. These records are also generally contemporaneous to the medical events." *Curcuras v. Sec'y of Health & Human Servs.*, 993 F.2d 1525, 1528 (Fed. Cir. 1993).

### IV.    Finding of Fact

I make the findings in this ruling after a complete review of the record, including all medical records, affidavits, Respondent's Rule 4 Report, and additional evidence filed. Specifically, I base the finding on the following evidence:

- On October 10, 2016, Petitioner received a flu vaccine intramuscularly into her left shoulder. Ex. 1.

- Petitioner had no history of left shoulder injury prior to her October 10, 2016 flu vaccine.[3]

- On January 24, 2017, Petitioner presented to Dr. Brett Robinson, her primary care physician, for left shoulder pain since the flu shot last October. Ex. 3 at 47. Petitioner was diagnosed with shoulder pain and an x-ray and ultrasound were ordered. *Id.* Petitioner was referred for an orthopedic evaluation. *Id.*

- Petitioner underwent an ultrasound on February 1, 2017, which showed no evidence of a tear but demonstrated subdeltoid, subacromial bursitis and mild hypertrophic degenerative changes of the acromioclavicular joint. Ex. 2 at 8, 12.

---

[3] Petitioner has a history of long QT syndrome and had a cardiac defibrillator implantation in 2003. Ex. 3 at 10. During a February 2015 cardiology appointment, Petitioner reported two episodes of nocturnal left-sided atypical chest discomfort over the last two to three months with radiation to her "left upper arm" unspecific to her shoulder. *Id.*

- On February 21, 2017, Petitioner was seen by orthopedist Dr. Richard Tobin and reported having left shoulder pain since a flu shot on October 10, 2016. Ex. 2 at 8.  Dr. Tobin administered a steroid injection.  *Id.*

- On April 23, 2017, Petitioner went to the emergency room at Salem Hospital for "left arm pain" that began in October after receiving the flu shot. Ex. 4 at 256.  On exam, Petitioner exhibited left shoulder tenderness and pain with range of motion.  *Id.* at 257.

- On April 27, 2017, Petitioner was seen by physical therapist Brenda Schrage for a "work injury management physical therapy evaluation."  Ex. 4 at 280.  Petitioner again reported "left shoulder pain after receiving the flu shot at work" with an injury date of October 10, 2016.  *Id.*

- On July 5, 2017, Petitioner underwent an Independent Medical Evaluation with an internal medicine physician, Dr. Daniel K. Mangum.  Ex. 11 at 37.  Petitioner reported that her left shoulder injury began on October 11, 2016, the day after she received the flu vaccine at work.  *Id.* at 348.  Dr. Mangum does not attribute Petitioner's injury to the vaccination, however.  *Id.*

- On August 15, 2017, Petitioner returned to Dr. Tobin for a recheck of her left shoulder adhesive capsulitis, which Dr. Tobin notes "started in 10/2016." Ex. 11 at 31.  Dr. Tobin administered a steroid injection.  *Id.*

- On October 11, 2017, Petitioner underwent an Independent Medical Evaluation with an orthopedic surgeon, Dr. William L. Vetter.  Dr. Vetter attributes Petitioner's left shoulder injury to the flu vaccine she received on October 10, 2016.  Ex. 9, *passim.*

- Petitioner avers that she woke on October 11, 2016 with intense left shoulder pain.  Ex. 8 at 1.  Petitioner's husband, Henri Savard, and friend, Anne Prantl, recall Petitioner's shoulder pain beginning on October 11, 2016. Exs. 18 & 20.

The above medical entries are consistent with Petitioner's affidavit testimony that her left shoulder pain began at the time she received the flu vaccine on October 10, 2016. I find that the sworn testimony of Petitioner's witnesses to be credible and in agreement with the contemporaneously created treatment records.  In addition, although there is a more than three-month lag between the date of vaccination and the first medical record evidence corroborating Petitioner's onset assertions, I do not find under the circumstances that this lag weakens the conclusion that her claimed onset is "more likely than not" - especially given that all subsequent medical records (generated prior to the claim's filing) are consistent with her contentions. As such, I find preponderant evidence that the onset of Petitioner's left shoulder injury occurred within 48 hours of her October 10, 2016 flu vaccination.

**V.    Scheduling Order**

4

Given my findings of fact regarding the onset of Ms. Dawson-Savard's pain, Respondent should evaluate and provide his current position regarding the merits of petitioner's case.

**Accordingly, Respondent shall file, by no later than Monday, December 2, 2019, an amended Rule 4 Report reflecting Respondent's position in light of the above fact finding.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master